UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WHITESTONE UPTOWN TOWER, LLC, | § § § | |
| *Appellant,* | § § | |
| v. | § § | Civil Action No. 3:24-cv-2699-X |
| WHITESTONE REIT OPERATING PARTNERSHIP, L.P., | § § § | |
| *Appellee.* | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Appellant Whitestone Uptown Tower, LLC's (Debtor) appeal from the bankruptcy court's order overruling its objections to Appellee Whitestone REIT Operating Partnership, L.P.'s (the Partnership) claim. After reviewing the briefing, the record, and applicable law, the Court **AFFIRMS** the bankruptcy court's order overruling Debtor's objection.

### I.    Factual Background

Finding no clear error in the bankruptcy court's factual findings, the Court adopts and reiterates the relevant facts here.[1]  Debtor entered into a sizeable loan, secured by Debtor's office tower. At the time of the loan execution, the Partnership entered into a Guaranty, guaranteeing the payment of Debtor's loan obligations. After a notice of default, the office tower was noticed for a foreclosure sale scheduled for Tuesday, December 5, 2023.  The Friday before the scheduled foreclosure sale, the

---

[1] Doc. 2-1 at ROA.004–7.

Partnership, as guaranty and manager to Debtor, executed a settlement with the lender and, on Monday, the day before the schedule foreclosure, wired the agreed funds, which satisfied the loan obligations in part.

But unbeknownst to the Partnership, Debtor had removed the Partnership as a manager the day *before* the Partnership executed the settlement, and Debtor filed for bankruptcy the day of the settlement's execution. After entering bankruptcy, the parties reached another settlement, and the Partnership's payment was applied to resolve the claim.

The Partnership filed proof of claim in the bankruptcy case for the amount of its settlement payment, and Debtor objected. The bankruptcy court overruled the objection, and Debtor appealed.

## II.    Legal Standard

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a). When a district court reviews a bankruptcy court's ruling, "[t]he bankruptcy court's findings of fact are subject to clearly erroneous review, while its conclusions of law are reviewed de novo."[2]

## III.    Analysis

Debtor argues that the Partnership is not entitled to statutory subrogation under section 509 of the bankruptcy code because the Partnership was primarily liable on the debt and paid voluntarily and for its own benefit. The Partnership argues that it is entitled to statutory subrogation under section 509 as a co-debtor

---

[2] *In re Rogers*, 513 F.3d 212, 216 (5th Cir. 2008).

who made payment on the debt.  The Court agrees with the Partnership.  Because the Partnership is entitled to statutory subrogation, the Court **AFFIRMS** the bankruptcy court's order and need not reach Debtor's arguments on equitable subrogation.

Section 509 states:

> Except as provided in subsection (b) or (c) of this section, an entity that is liable with the debtor on, or that has secured, a claim of a creditor against the debtor, and that pays such claim, is subrogated to the rights of such creditor to the extent of such payment.[3]

Debtor argues that the Guaranty agreement was an unconditional guarantee—i.e., the lender could proceed directly against the Partnership for Debtor's failure to pay without exhausting remedies against Debtor.  Therefore, as Debtor's argument goes, the Partnership's payment on the loan was a payment to the Partnership's own debt.  The Partnership was liable with Debtor on the loan under the Guaranty.  The Partnership made a payment towards that loan on December 4, 2023, to avoid foreclosure.  Debtor's argument as to primary or secondary is a distinction without a difference.  In the event of Debtor's default, the lender could seek recovery from the Partnership first and in full, if it so chose.  But the statute specifically contemplates a co-debtor situation, providing that an entity that is liable with debtor may be eligible for subrogation.[4]

Debtor appears to argue that the loan payment was to the benefit of the Partnership, but the consideration for the loan, in loan proceeds, ran to Debtor as the

---

[3] 11 U.S.C. § 509(a).

[4] *See* 11 U.S.C. § 509(a).

3

borrower, not to the Partnership. The statute allows for a co-debtor to satisfy a debt, then seek recovery in bankruptcy, albeit subrogated to the creditor.

### IV.    Conclusion

For the above reasons, the Court **AFFIRMS** the bankruptcy court's order overruling Debtor's objection to the Partnership's claim.

**IT IS SO ORDERED** this 12th day of August, 2025.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE